UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS NEIL DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER DIETRICH M. SPIDELL,<br><br>Defendant. | Case No. 26-cv-10125<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING THE COMPLAINT, AND DENYING AS MOOT THE MOTIONS TO APPOINT COUNSEL AND TO COMPEL**

Travis Neil Davis filed a notice of removal seeking to remove a pending prosecution from Michigan's 36th District Court. The prosecution charges Davis with driving without a valid or proper license. Davis asserts that the case belongs in federal court because it involves federal law and the parties have diverse citizenship. (ECF No. 1, PageID.1, 3).

Before the Court is Davis's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, (2) dismiss the

complaint, and (3) deny as moot Davis's Motion to Appoint Counsel (ECF No. 8) and Motion to Compel (ECF No. 10).

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Davis's claim fails as a matter of law. "The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States." *In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995). The doctrine also governs where a defendant refuses to appear in court and

"answer an indictment or arrest warrant after they issue." *United States v. Martirossian*, 917 F.3d 883, 890 (6th Cir. 2019).

"The power of an American court to disentitle a fugitive from access to its power and authority is an equitable one." *In re Prevot*, 59 F.3d at 562. It applies in federal civil cases. *Id.* at 564. And the doctrine may be triggered on account of the plaintiff's fugitive status in a state court criminal proceeding. *Id.* at 566 ("It does not matter that the court of conviction and the court from whose processes the fugitive is excluded are from different sovereigns."). There must, at least, be some connection between the plaintiff's fugitive status and the pending civil matter where the doctrine is invoked. *See Garcia-Flores v. Gonzales*, 477 F.3d 439, 441 (6th Cir. 2007); *see also Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993) ("Absent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during 'the ongoing appellate process,' the justifications advanced for dismissal of fugitives' pending appeals generally will not apply.").

A review of the state criminal proceedings indicates that Davis failed to appear in Michigan's 36th District Court on February 10, 2026, to answer the charge of driving without a valid or proper license. The docket reflects that a warrant for his arrest was entered into the Law Enforcement Information Network on February 11,

2026, and remains outstanding.[1] Since Davis is a fugitive of the law, he cannot proceed with this case.

Because the Court dismisses this action, Davis's Motion to Appoint Counsel (ECF No. 8) and Motion to Compel (ECF No. 10) are denied as moot. Accordingly,

IT IS ORDERED that Davis's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Davis's Motion to Appoint Counsel (ECF No. 8) and Motion to Compel (ECF No. 10) are denied as moot.

---

[1] For the state court docket, *see* 36th District Court Case Search, *Detroit v. Davis*, Case No. SP17011491 D01 OT, https://dapps.36thdistrictcourtmi.gov/ROAWEBINQ/ROACase.aspx (last accessed Oct. 7, 2026).

IT IS FURTHER ORDERED that Davis may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: October 8, 2026

s/ Robert J. White
Robert J. White
United States District Judge